UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JURISICH OYSTERS, LLC, et al.**<br><br>                             *Plaintiffs,*<br><br>                          v.<br><br>**U.S. ARMY CORPS OF ENGINEERS, et al.**<br><br>                             *Defendants,*<br><br>**and**<br><br>**ENVIRONMENTAL DEFENSE FUND, et al.,**<br><br>                       *Intervenor-Defendants.* | **CIVIL ACTION NO.: 24-106**<br><br>**SECTION "E" (2)**<br><br>**JUDGE MORGAN**<br><br>**MAGISTRATE JUDGE CURRAULT** |

## INTERVENOR-DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Environmental Defense Fund ("EDF"), Louisiana Wildlife Federation ("LWF"), Orleans Audubon Society, and Cajun Fishing Adventures, Inc. ("Cajun Fishing Adventures", and together with EDF, LWF, and Orleans Audubon Society, "Intervenor-Defendants"), by and through undersigned counsel, provide the following Answer to Plaintiffs' Complaint.

1. The allegations in Paragraph 1 consist of Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Intervenor-Defendants admit that the U.S. Army Corps of Engineers issued permits for the Mid-Barataria Sediment Diversion ("MBSD" or "Project").

2. The allegations in Paragraph 2 consist of Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Intervenor-Defendants

admit that the MBSD will divert sediment, freshwater, and nutrients from the Mississippi River to the Barataria Basin. All other allegations are denied.

3. The allegations of Paragraph 3 consist of Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in Paragraph 4 consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. Intervenor-Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 5-29 and deny them on that basis.

6. Answering Paragraphs 30-49, which purport to characterize federal statutes and regulations, Intervenor-Defendants answer that such statutes, regulations, and procedures speak for themselves and are the best evidence of their content and meaning. Any allegations contrary to the plain language, meaning, and context of the referenced statutes, regulations, or procedures are denied.

7. The allegations in Paragraphs 50-55 relate to the 2010 Deepwater Horizon Oil Spill. Intervenor-Defendants admit that the Deepwater Horizon Oil Spill was a significant advsere event that resulted in various types of damages to the Gulf Coast and add that Intervenor-Defendants support restoration efforts. The remaining allegations are denied for lack of specificity to allow Intervenor-Defendants to determine their veracity.

8. Answering Paragraphs 56-61, which purport to characterize federal and state statutes, laws, regulations, and procedures, Intervenor-Defendants answer that such statutes, laws, regulations, and procedures speak for themselves and are the best evidence of their content and

meaning. Any allegations contrary to the plain language, meaning, and context of the referenced statutes, laws, regulations, or procedures are denied.

9. The allegations in Paragraph 62 purport to characterize the Draft and Final Environmental Impact Statements ("DEIS" and "FEIS", respectively) for the MBSD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the DEIS and/or FEIS are denied.

10. The allegations in Paragraph 63 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the FEIS are denied. Intervenor-Defendants admit that a purpose of the MBSD Project is to divert sediment and freshwater from the Mississippi River to the project area.

11. Answering Paragraph 64, Intervenor-Defendants admit that the Louisiana Coastal Protection and Restoration Authority ("CPRA") submitted a Joint Permit Application seeking authorization of regulated activities associated with the MBSD pursuant to Section 10 of the Rivers and Harbors Act and Section 404 of the Clean Water Act. The remaining allegations in Paragraph 64 purport to characterize the Joint Permit Application, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Joint Permit Application are denied.

12. The allegations in Paragraph 65 purport to characterize the LA Trustee Implementation Group's Strategic Plan for the Barataria Basin and April 2017 Notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Strategic Plan and/or April 2017 Notice are denied.

13. Answering Paragraphs 66-67, which purport to characterize federal statutes and regulations, Intervenor-Defendants answer that such statutes and regulations speak for themselves

3892943v1

are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the referenced statutes and regulations are denied.

14. The allegations in Paragraph 68 are denied on the grounds that they are vague and ambiguous, particularly with respect to the phrases "MBSD Project's action area", "ranges of several species", "proposed critical habitat," and "several of those species,"

15. The allegations in Paragraph 69 purport to characterize FWS's recovery plans for the piping plover, which are documents that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the recovery plans are denied. Answering further, Intervenor-Defendants admit that the piping plover is listed on the endangered species list and add that Intervenor-Defendants have and continue to support and advocate for the piping plover.

16. The allegations in Paragraph 70 purport to characterize FWS's rules designating critical habitat for the piping plover, which are documents that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rules are denied. Any remaining allegations are denied on the grounds that they are vague and ambiguous.

17. The allegations in Paragraph 71 purport to characterize FWS's proposed rules designating critical habitat for the red knot, which are documents that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the proposed rules are denied. Answering further, Intervenor-Defendants admit that the red knot is listed on the endangered species list and add that Intervenor-Defendants have and continue to support and advocate for the red knot. Any remaining allegations are denied on the grounds that they are vague and ambiguous.

18. Answering Paragraph 72, Intervenor-Defendants admit that the Kemp's ridley sea turtle is listed on the endangered species list, and add that Intervenor-Defendants have and continue to support and advocate for the Kemp's ridley sea turtle. Any remaining allegations are denied on the grounds that they are vague and ambiguous.

19. Answering Paragraph 73, Intervenor-Defendants admit that the loggerhead sea turtle is listed on the endangered species list and add that Intervenor-Defendants have and continue to support and advocate for the loggerhead sea turtle. Any remaining allegations are denied on the grounds that they are vague and ambiguous.

20. Answering Paragraph 74, Intervenor-Defendants admit that the green turtle is listed on the endangered species list and add that Intervenor-Defendants have and continue to support and advocate for the green turtle. Any remaining allegations are denied on the grounds that they are vague and ambiguous.

21. The allegations in Paragraph 75 purport to characterize the DEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the DEIS are denied.

22. The allegations in Paragraph 76 are denied. Responding further, Intervenor-Defendants add that they and their members have publicly supported the MBSD since its inception. In 2023, a Louisiana Statewide Coastal Restoration Survey sponsored by Restore the Mississippi River Delta revealed that nearly 75% of Louisiana voters support sediment diversion projects on first consideration, and that this value increases as voters were provided additional information. Polled voters overwhelmingly believed that sediment diversions will have positive impacts on all metrics tested, including the economy, fisheries, and wildlife.

23. Intervenor-Defendants deny the allegations in the first sentence of Paragraph 77 on the grounds that it is vague and ambiguous to the extent they purport to reference the Project's "stated purpose," but fail to identify the source for the referenced statement.  Answering further, Intervenor-Defendants admit that Neptune Pass is a crevasse on the Mississippi River south of the proposed MBSD intake. The remaining allegations are denied for lack of sufficiency of evidence for Intervenor-Defendants to confirm their veracity.

24. The allegations in Paragraph 78 are denied on the basis that they are vague and ambiguous, particularly to the extent that they include quotations but do not identify the source of the purportedly quoted language. Answering further, Intervenor-Defendants admit that the Mississippi River Delta is a dynamic environment and that the Delft3D Basinwide Modeling System was utilized to simulate the system.

25. The allegations in Paragraphs 79-92 purport to characterize the DEIS, FEIS, and/or Biological Assessment, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the DEIS, FEIS, and/or Biological Assessment are denied. The remaining allegations are denied for lack of sufficiency of evidence for Intervenor-Defendants to confirm their veracity. Defendant-Intervenors admit that the MBSD includes a Mitigation and Monitoring Plan, and Defendant-Intervenors support the appropriate use of adaptive management and monitoring.

26. The allegations in Paragraphs 93-98 purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents.  Intervenor-Defendants deny any allegations that are inconsistent with the plain language, meaning, and context of the public comments. The remaining allegations are denied for lack of sufficiency of evidence for Intervenor-Defendants to confirm their veracity.

27. The allegations in Paragraphs 99-102 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the FEIS are denied. The remaining allegations are denied for lack of sufficiency of evidence for Intervenor-Defendants to confirm their veracity. Defendant-Intervenors admit that the MBSD includes a Mitigation and Monitoring Plan, and Defendant-Intervenors support the appropriate use of adaptive management and monitoring.

28. The allegations in Paragraph 103 purport to characterize the FEIS and/or Draft Environmental Assessment for Neptune Pass Rock Closure, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the FEIS and/or Draft Environmental Assessment are denied. The remaining allegations are denied for lack of sufficiency of evidence for Intervenor-Defendants to confirm their veracity.

29. The allegations in Paragraph 104 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the FEIS are denied. The remaining allegations are denied for lack of sufficiency of evidence for Intervenor-Defendants to confirm their veracity.

30. The allegations in the first sentence of Paragraph 105 characterize the FEIS, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the Final EIS. The allegations in the second sentence of Paragraph 105 characterize an EPA strategic roadmap, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the EPA strategic roadmap. The allegations in the third sentence of Paragraph 105 characterize the Draft Aquatic Life Criteria for PFOA and PFOS, which speaks for itself and is the best evidence of its contents. Intervenor-

Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the Draft Aquatic Life Criteria for PFOA and PFOS. The allegations in the fourth sentence of Paragraph 105 characterize EPA's final PFAS Health Advisories, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of EPA's final PFAS Health Advisories. The allegations in footnote 11 characterize a proposed rule, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the proposed rule. Intervenor-Defendants add that they have and will continue to support mitigating PFAS pollution.

31. The allegations in Paragraph 106 purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the FEIS are denied.

32. The allegations in Paragraph 107 purport to characterize the FEIS and/or Biological Opinions, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the FEIS and/or Biological Opinions are denied.

33. The allegations in Paragraphs 108-109 purport to characterize the FWS Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the FWS Biological Opinion are denied. The remaining allegations are denied for lack of sufficiency of evidence for Intervenor-Defendants to confirm their veracity.

34. The allegations in Paragraphs 110-111 purport to characterize the NMFS Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary

3892943v1

to the plain language, meaning, and context of the NMFS Biological Opinion are denied. The remaining allegations are denied for lack of sufficiency of evidence for Intervenor-Defendants to confirm their veracity.

35. The allegations in Paragraphs 112 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants admit that the Army Corp issued the ROD on December 19, 2022.

36. The allegations in Paragraph 113 purport to characterize the Plaintiffs' notice of intent to sue dated November 7, 2023, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of Plaintiffs' notice of intent to sue are denied.

37. Answering Paragraph 114, Intervenor-Defendants' responses to Paragraphs 1 through 113 are reasserted and incorporated herein by reference.

38. The allegations in Paragraphs 115-120 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. Answering Paragraph 121, Intervenor-Defendants' responses to Paragraphs 1 through 120 are reasserted and incorporated herein by reference.

40. The allegations in Paragraphs 122-123 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. Answering Paragraph 124, Intervenor-Defendants' responses to Paragraphs 1 through 123 are reasserted and incorporated herein by reference.

42. The allegations in Paragraphs 125-126 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3892943v1

## PRAYER FOR RELIEF

43. The remainder of the Complaint constitutes Plaintiffs' requests for relief, to which no response is required. To the extent a response is required, Intervenor-Defendants deny that Plaintiffs are entitled to the relief requested. Answering further, Intervenor-Defendants state that Plaintiffs' requested relief will adversely affect or impede Intervenor-Defendants' ability to protect their and their members' legally protectable interests.

## GENERAL DENIAL

If any allegation is not admitted or specifically responded to, Intervenor-Defendants deny that allegation.

## AFFIRMATIVE DEFENSES

Intervenors, Orleans Audubon Society, LWF, and Cajun Fishing Adventures, Inc. adopt the affirmative defenses asserted by the Federal Defendants, U.S. Army Corp of Engineers, National Marine Fisheries Service, and U.S. Fish and Wildlife Service.

Respectfully submitted,

*/s/ E. Blair Schilling*
E. Blair Schilling (LA Bar No. 35308)
H.S. Bartlett III (LA Bar No. 26795)
Molly Wells (LA Bar No. 36721)
Isabel A. Englehart (LA Bar No. 40354)
Isabel A. Englehart (LA Bar No. 40354)
**FISHMAN HAYGOOD, LLP**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: (504) 586-5252
Facsimile: (504) 291-2878
bschilling@fishmanhaygood.com
ienglehart@fishmanhaygood.com

10

3892943v1

*Counsel for Intervenor-Defendants Environmental Defense Fund, Louisiana Wildlife Federation, Orleans Audubon Society, and Cajun Fishing Adventures, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon counsel for all parties through the CM/ECF filing system with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 15th day of July, 2024.

*/s/ E. Blair Schilling*

3892943v1