UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JURISICH OYSTERS, LLC, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-106 |
| UNITED STATES ARMY CORPS OF ENGINEERS, ET AL. | * | SECTION "E" (2) |

### ORDER AND REASONS

Pending before me is the Motion to Intervene filed by Environmental Defense Fund, Louisiana Wildlife Federation, Orleans Audubon Society, and Cajun Fishing Adventures, Inc. ECF No. 20. As of this date, no party filed an Opposition Memorandum, and the deadline for same expired on Tuesday, July 23, 2024. *See* E.D. La. L.R. 7.5. Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1] No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Intervene (ECF No. 20) is DENIED for the reasons stated herein.

### I.    BACKGROUND

On January 11, 2024, a collection of plaintiffs who identify as a "conservationists, commercial and recreational fishermen, and local residents"[2] filed suit to challenge the U.S. Army Corps of Engineers' decision to authorize the Mid-Barataria Sediment Diversion Project (the "Project"), a post-Deepwater Horizon Oil Spill Gulf Coast restoration plan intended to convey sediment, fresh water, and nutrients from the Mississippi River to the mid-Baritaria Basin. ECF

---

[1] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] Jurisich Oysters, LLC, Ameripure Processing, Inc., Matthew Tesvich, International Marine Mammal Project of Earth Island Institute, Alert Project of Earth Island Institute, and Earth Island Institute.

1

No. 1 ¶¶ 1, 3-4.  Defendants are the United States Army Corps of Engineers ("Army Corps"), the United States Fish and Wildlife Service ("FWS") , and the United States National Marine Fisheries Service ("NMFS").  *Id*. ¶¶ 27-29.  Alleging violations of the Administrative Procedure Act,[3] the Endangered Species Act,[4] and the National Environmental Policy Act,[5] Plaintiffs contend that the Project will cause severe negative impacts on the Barataria Basin's resources due to the influx of riverine freshwater, sediment, nutrients, and contaminants into the basin and seek an order (1) declaring Defendants' decision to undertake the Project is violative of NEPA and the ESA and is arbitrary and capricious, (2) enjoining Defendants from taking any action to implement the Project; (3) vacating the Army Corps' decision, and (4) remanding the challenged decision to the agencies for further analysis and decision-making consistent with their duties under NEPA, the ESA, and the APA.  ECF No. 1 ¶¶ 1-4, 62, 64-65.

     Movants seek to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permissively under Rule 24(b), in order to protect their legally cognizable interests relating to the restoration of the Mississippi River Delta through the Project, the protection of which interests will be impaired if the Project does not proceed.  ECF No. 20 at 2.  Movants argue that the existing Defendants will not adequately represent their interests because movants have a different ultimate objective than Defendants (i.e., movants seek to advocate for "local concerns for restoration and protection of the marshlands, people, animals, fisheries, and plants of southeastern Louisiana" while Defendants seek to protect the record of decision and final agency determinations).  ECF No. 20-1 at 18.  Movants contend that these different objectives justify intervention as of right.  *Id*. at 15-23.  Alternatively, movants seek permissive intervention.  *Id*. at 23-24.

---

[3] 5 U.S.C. § 706.
[4] 16 U.S.C. §§ 1531-44.
[5] 42 U.S.C. §§ 4321-4347.

On June 13, 2024, Judge Morgan entered a Scheduling Order establishing an April 1, 2025 trial date and various pretrial deadlines. ECF No. 19. On July 30, 2024, after movants filed this motion, Plaintiffs and Defendants filed a joint motion to amend the Scheduling Order, asserting that discovery is not warranted in this action because the litigation seeks review of the Defendants' actions on the basis of administrative records under the APA, which also requires resolution of Plaintiffs' claims on cross-motions for summary judgment rather than trial. ECF No. 23 at 2-3.[6] As of this date, that motion remains pending.

## II.   APPLICABLE LAW AND ANALYSIS

Initially, the court must have jurisdiction over the intervention claim, which depends on whether supplemental jurisdiction under 28 U.S.C. § 1367 exists. If the case is before the court based solely on diversity jurisdiction, the court will not have supplemental jurisdiction over claims by Rule 24 intervenors when jurisdiction would be inconsistent with § 1332 requirements. 28 U.S.C. § 1367(b).[7] When, however, the district court exercises federal question jurisdiction, supplemental jurisdiction over the intervention complaint is proper under 28 U.S.C. § 1367(a).[8] In this case, jurisdiction is premised on federal question. ECF No. 1, ¶ 4, at 3.

### A. Intervention of Right

To be entitled to intervene as of right under Rule 24(a)(2), a movant must demonstrate that (1) it timely applied for intervention; (2) it has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede its ability

---

[6] Citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884-85 (1990).
[7] *White v. New Orleans & Gulf Coast Ry. Co.*, No. 19-10389, 2021 WL 5387665, at *1 (E.D. La. Nov. 18, 2021).
[8] *Cf. Lombardi v. Bank of Am., N.A.*, 734 F. App'x 257, 258 (5th Cir. 2018) (finding supplemental jurisdiction proper when, after case was removed based on diversity but before intervention was sought, plaintiff voluntarily added a federal question claim).

to protect that interest; and (4) it is inadequately represented by the existing parties.[9] "Failure to satisfy one requirement precludes intervention of right."[10] Thus, in the absence of any one of these four elements, intervention as of right must be denied.[11]

Although the movant bears the burden of establishing its right to intervene,[12] Rule 24 is liberally construed.[13] "[T]he inquiry under [Rule 24] (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and "intervention of right must be measured by a practical rather than technical yardstick."[14] Courts should allow intervention "where no one would be hurt and greater justice could be attained.'"[15]

1. **Timeliness**

The timeliness inquiry is not limited to chronological considerations but is to be determined from all the circumstances.[16] It is contextual and absolute measures of timeliness should be ignored.[17] The timeliness inquiry has four sub-factors: (1) the length of time during which the intervenor knew or should have known of his interest in the case; (2) the extent of prejudice to the existing parties; (3) the extent of prejudice to the would-be intervenor; and (4) unusual circumstances either for or against a determination that the application is timely.[18] This factor "is

---

[9] *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (citing FED. R. CIV. P. 24(a); *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)).
[10] *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).
[11] *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005) (citing *United States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 758 (5th Cir. 1995)); accord *Abita Springs v. U.S. Army Corps of Engineers,* No. 15-451, 2015 13533518, at *3 (E.D. La. Sept. 25, 2015) ("Failure to meet any of the four elements is fatal to intervention.") (citing *Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir. 1978)). .
[12] *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,  834 F.3d 562, 565 (5th Cir. 2016).
[13] *Wal-Mart Stores, Inc.*, 834 F.3d at 565 (citations omitted) ("Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed."); accord *Miller v. Vilsack,* No. 21-11271, 202 WL 851782, at * (5th Cir. 2022) (per curiam) (citations omitted).
[14] *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (internal quotations omitted) (quoting *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 423 (5th Cir. 1991)).
[15] *Adams Joseph Res.*, 919 F.3d at 865 (quoting *Sierra Club*, 18 F.3d at 1205).
[16] *Wal-Mart Stores, Inc.*, 834 F. 3d at 565 (citations omitted).
[17] *Id.*
[18] *Sierra Club*, 18 F.3d at 1205 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977)); *Adam Joseph Res.*, 919 F.3d at 865 (citation omitted).

not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by failure to apply sooner . . . ."[19]

Movants sought intervention six months after the filing of suit and one month after the issuance of a scheduling order.[20] *See* ECF Nos. 1, 19. The chronological time, however, is not determinative. With regard to the progress of the case, movants sought intervention before the filing of any substantive motions and before the April 1, 2025 discovery deadline,[21] the April 8, 2025 deadline for the filing of non-evidentiary pretrial motions, and the June 9, 2025 bench trial. *See* ECF No. 19 at 11-12. Moreover, even if the district court were to adopt the parties' proposed amended scheduling order, movants sought intervention months before the proposed November 30, 2024 deadline for the filing of the administrative record and the March 28, 2025 deadline for the filing of a joint status report regarding sufficiency of the administrative deadline. ECF No. 23 at 3-4. Further, given the parties' request for a summary judgment briefing schedule beginning 60 days after the date the record for judicial review is determined to be complete, this Court cannot find any prejudice that would be caused by movants' intervention in August of 2024.[22]

### 2. Interest in the Underlying Litigation

The second factor relates to the movant's interest in the underlying litigation. "The plain language of Rule 24(a)(2) states that the would be intervenor must claim 'an interest relating to

---

[19] *Adam Joseph Res.*, 919 F.3d at 865 (citing *Sierra Club*, 18 F.3d at 1205 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970))).
[20] *See Consol. Grain & Barge, Inc. v. Anny*, No. 11-2204, 2018 WL 1941788, at *2 (E.D. La. Apr. 25, 2018) (citations omitted) (finding intervention filed three months after receiving notice timely and noting that courts have approved interventions filed more than a year after the case began).
[21] *See Wal-Mart Stores, Inc.*, 834 F.3d at 565-66 (finding motion for intervention was timely filed because it was filed before discovery progressed and did not seek to delay or reconsider phases of the litigation that had already concluded).
[22] *See Sewell v. St. Bernard Par. Gov't*, No. 21-2376, 2022 WL 22855266, at *3 (E.D. La. June 14, 2022) (Roby, M.J.) (finding intervention timely where motion was filed four months after filing of the initial complaint, two months after defendant filed its answer, one month after the scheduling order was issued, and before the filing of any dispositive motions).

the property or transaction which is the subject of the action . . . .'"[23] Although there is no clear definition of the nature of the interest that is required for intervention of right, the Fifth Circuit has interpreted Rule 24(a)(2) to require a "'direct, substantial, legally protectable interest in the proceedings.'"[24] The potential intervenor must assert "something more than an economic interest;" it must assert an interest in the proceedings that is recognized by the substantive law as belonging to, or being owned by, the party seeking intervention.[25] The "interest test" acts as "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[26]

The inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way. In other words, the intervenor has an interest that is concrete, personalized, and legally protectable. *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015) ("So, an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other.") Although property interests are typically adequate, a person need not possess a pecuniary or property interest to satisfy the requirement of Rule 24(a)(2).[27] Non-property interests are sufficient to support intervention when, like property interests, they are concrete, personalized, and legally protectable.[28] Thus when an intervenor seeks

---

[23] *S.E.C. v. Funding Res. Grp.*, No. 99-10980, 20000 WL 1468823, at *4 (5th Cir. Sept. 8, 2000) (citing FED. R. CIV. P. 24(a)(2)).
[24] *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citing *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984))); 7C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1908.1 (3d ed. 2007)); *see also John Doe No. 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001) (citations omitted) (requiring a "direct, substantial, and legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene).
[25] *New Orleans Pub. Serv., Inc.*, 732 F.2d at 463–64.
[26] *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)) (quoting citation omitted).
[27] *Texas*, 805 F.3d at 658 (citing *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 62 (5th Cir. 1987); *see also* MOORE'S FEDERAL PRACTICE § 24.03[2][b] ("Rule 24 does not require that the intervenor prove a property right . . .")).
[28] *Texas*, 805 F.3d at 658.

6

to vindicate a personal right that is sufficiently concrete and specific, that is enough to support intervention.[29] When, however, the proposed intervenor seeks to intervene solely for ideological, economic, or precedential reasons, it does not have a protectable interest.[30]

In this case, movants are not simply advocacy groups with a generalized interest in seeking to intervene for ideological reasons. Rather, movants have established a sufficient protectable interest in the success of the Mid-Barataria Sediment Diversion Project in furtherance of their personal recreational, aesthetic, and research interests in the Barataria Basin.[31] They are not seeking to intervene solely for ideological, economic or precedential reasons. Thus, they satisfy this factor.

### 3. Impairment

The third factor relates to whether disposition of the case may practically impair or impede movant's ability to protect that interest. Rule 24(a)(2) does not require "a showing by the applicant for intervention that he will be bound by the disposition of the action."[32] However, "the stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention."[33] Plaintiffs in this matter seek to enjoin Defendants from implementing the Project, which Movants contend would impair their protected interests in rebuilding land and sustaining the marsh that still exists. ECF Nos. 1 ¶ 2, at 64; 20-1 at 14-15. Movants further argue that the likely deterioration

---

[29] *Id.* at 658–59 (citing *League of United Latin Am. Citizens, District 19 v. City of Boerne*, 659 F.3d 421, 434 (5th Cir. 2011) (holding that intervenor had a "legally protectable interest" where he sought to protect "his right to vote in elections to choose all five city council members.")).
[30] *Id.* at 657; *see also Northland Fam. Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007) (holding that advocacy organization opposing abortion was not entitled to intervene in an action challenging the constitutionality of Michigan's Legal Birth Definition Act because the organization had "only an ideological interest in the litigation, and the lawsuit does not involve the regulation of [the organization's] conduct in any respect.").
[31] *Cf. Center for Biological Diversity v. U.S. Env't Prot. Agency,* 937 F.3d 533 (5th Cir. 2019) (acknowledging that aesthetic, recreational and scientific interests are cognizable interests for purposes of standing).
[32] *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996).
[33] *Sierra Club v. Glickman*, 82 F.3d 106, 109–10 (5th Cir. 1996) (per curiam) (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)*; see also X-Drill Holdings Inc. v. Jack-Up Drilling Rig SE 83*, 320 F.R.D. 444, 449 (S.D. Tex. 2017) (citation omitted).

and eventual disappearance of wetlands that would occur if Plaintiffs prevailed would "impair the direct recreational, aesthetic, scientific, and economic interests of Movants and Movants' members that live, work, and recreate in the area." ECF No. 20-1 at 15.

Movants have made the requisite showing that "impairment of [their] substantial legal interest is possible if intervention is denied."[34] Thus, they satisfy this factor.

### 4. Adequate Representation

The fourth factor addresses whether the movant is adequately represented by the existing parties. The burden of demonstrating inadequate representation is on the movant, and is satisfied if the applicant for intervention shows that representation of its interest "may be" inadequate.[35] Although this burden is "minimal,"[36] it cannot be treated as so minimal as to write the requirement completely out of the rule.[37] When the would-be intervenor has the same ultimate objective as a party to the lawsuit, the presumption of adequate representation must be overcome by a showing of adversity of interest, collusion, or nonfeasance on the part of the existing party.[38] The "same ultimate objective" is specific to this lawsuit.[39] Movants demonstrate that representation "may be" inadequate by showing a "differences in the objectives" of the intervenors and the existing parties.[40] Put another way, "[i]n order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case."[41]

---

[34] *Brumfield*, 749 F.3d at 345 n.2 (internal quotation and citation omitted).
[35] *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (citation omitted).
[36] *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (internal quotations omitted) (quoting *Espy*, 18 F.3d at 1207).
[37] *Edwards v. City of Houston*, 78 F. 3d 983, 1005 (5th Cir. 1996) (citation omitted).
[38] *Edwards*, 78 F.3d at 1005; *see also Texas v. United States,* 805 F. 3d 653, 661 (5th Cir. 2015) (citations omitted); *Bush v. Viterna*, 740 F.2d 350, 354 (5th Cir. 1984).
[39] *Kneeland v. Nat'l Collegiate Ath. Assoc.*, 806 F.2d 1285, 1288 (5th Cir. 1987).
[40] *Wal-Mart Stores, Inc.,* 834 F.3d at 569.
[41] *Texas*, 805 F.3d at 662.

The court finds that movants' ultimate objective is the same as Defendants: to uphold the Army Corps' decision to implement the Project. The burden thus shifts to the movants to demonstrate "adversity of interest, collusion, or nonfeasance on the part of the existing party." Here, movants contend that their interests diverge from the Federal Defendants because Defendants' "broad mandates to protect the public interest" and the record of decision and final determination of the Army Corps differ from movants' narrow interests, which include "local concerns for restoration and protection of the marshlands, people, plants, animals, fisheries, and plants of southeastern Louisiana, and the Barataria Basin in particular." ECF No. 20-1 at 17-18. Movants assert that their interest, unlike the agencies, is in both government compliance with the relevant statutes and the substantive outcome of the government's decision, whereas Defendants' interest is solely to establish satisfaction of procedural requirements under the statutes. *Id*. at 18.

In *Texas v. U.S.,* 805 F.3d 653, 662-63 (5th Cir. 2015), the Fifth Circuit addressed a movant's burden to establish adversity of interest based on divergence, explaining that movants must demonstrate not only that their goals diverge from those of the existing parties but also how the allegedly divergent interests would have any impact on the litigation. Here, movants have highlighted particular ways in which their interests diverge from the Defendants. Although both Defendants and movants seek to uphold the Army Corps' decision to implement the Project, the Defendants' interest is in protecting the record of decision and final determinations challenged by Plaintiffs while movants' interests include more local concerns for restoration and protection of the marshlands and the Barataria Basin.

Movants have failed, however, to identify any particular way in which these divergent interests have impacted or may later impact the litigation.[42] For this reason, movants have not

---

[42] *See Second Amend. Found. Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 23-10707, 2023 WL 8597495, at *1 (5th Cir. Dec. 12, 2023) (per curiam) (affirming denial of intervention where movant failed to establish

established that Defendants are inadequate representatives for pursuing the "same ultimate objective" by a showing of adversity of interests, collusion or nonfeasance.

### B. Permissive Intervention

Even if intervention is not justified as a matter of right, a court may nonetheless grant permissive intervention. Under Rule 24(b) of the Federal Rules of Civil Procedure, permissive intervention is authorized upon timely motion when (1) a federal statute provides for a conditional right to intervene or (2) the intervenor has a claim or defense that shares with the main action a common question of law or fact and intervention will not unduly delay or prejudice the existing parties. FED. R. CIV. P. 24(b). Courts have broad discretion in allowing intervention. [43]

In the Fifth Circuit, courts use a two-step process to determine whether to grant permissive intervention.[44] First, the Court must determine, as a matter of law, whether the movant's "claim or defense and the main action have a question of law or fact in common."[45] Next, the court must exercise its discretion to determine whether intervention should be allowed.[46] In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. FED. R. CIV. P. 24(b)(3). "Permissive intervention 'is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'"[47]

---

existing defendant did not adequately represent its interests or tactics were materially adverse, collusion or nonfeasance); *Hopwood v. Texas,* 21 F.3d 603 (5th Cir. 1994) (affirming denial of motion to intervene by legal society and pre-law association in a case challenging Texas' affirmative action policy where intervenors did not demonstrate how the allegedly divergent interests would have any impact on the defendant's defense of its affirmative action policy or any other concrete effects on the litigation).
[43] *Mac Sales Inc. v. E.I. Dupont de NeMours*, No. 89-4571, 1995 WL 581790, at *4 (E.D. La. Sept. 20, 1995); *see also Trans Chem.; Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003) (stating orders denying permissive intervention are reviewed for clear abuse of discretion and will only be reversed in extraordinary circumstances); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984) (stating permissive intervention is wholly within the discretion of the district court).
[44] *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).
[45] *Id.*; *Mac Sales Inc.*, 1995 WL 581790 at *4.
[46] *Stallworth*, 558 F.2d at 269 (citation omitted).
[47] *New Orleans Pub. Serv.*, 732 F.2d at 471 (quotation omitted).

A request for permissive intervention may be denied when an existing party adequately represents the proposed intervenors.[48]  As previously discussed, the Defendants adequately represent movants in the "same ultimate objective" at issue in this case.  To the extent movants contend that their interests differ, those differences are not at issue in this case.

Although intervention is not proper in this case, movants have demonstrated expansive knowledge of the Project and expertise in coastal restoration, and their participation via *amicus* briefing is encouraged.  That participation enables movants to raise different perspectives and arguments to further their interests and assist the court with resolution of this matter, yet avoids any prejudice and delay resulting from the joinder of movants as parties.[49]

### III.  CONCLUSION

Movants have not satisfied their burden to establish that they are entitled to intervene as of right.  For the same reasons, particularly the adequacy of representation by the existing Defendants, permissive intervention is also improper.  Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Intervene filed by Environmental Defense Fund, Louisiana Wildlife Federation, Orleans Audubon Society, and Cajun Fishing Adventures, Inc. (ECF No. 20) is DENIED.

New Orleans, Louisiana, this ___2nd___ day of August, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[48] *Hopwood*, 21 F.3d at 606.
[49] *See Lelsz v. Kavanagh*, 98 F.R.D. 11 (E.D. Tex. 1982) (stating that proposed intervenors' interests in making the court aware of any legal theories, facts, or factual interpretations that existing parties fail to present is adequately served by permitting them to file briefs amicus curiae rather than join as parties).