UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JURISICH OYSTERS, LLC, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-106 |
| UNITED STATES ARMY CORPS OF ENGINEERS, ET AL. | * | SECTION "E" (2) |

## ORDER AND REASONS

Pending before me is a Motion for Reconsideration seeking reconsideration of my August 2, 2024 Order and Reasons denying intervention to the Environmental Defense Fund, Louisiana Wildlife Federation, Orleans Audubon Society, and Cajun Fishing Adventures, Inc. ECF No. 29; *see also* ECF No. 25. As of this date, no party filed an Opposition Memorandum, and the deadline for same expired on Tuesday, September 10, 2024. *See* L.R. 7.5. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion for Reconsideration is GRANTED for the reasons stated herein.

## I.    BACKGROUND

On January 11, 2024, Jurisich Oysters, LLC, Ameripure Processing, Inc., Matthew Tesvich, International Marine Mammal Project of Earth Island Institute, Alert Project of Earth Island Institute, and Earth Island Institute (self-identified as conservationists, commercial and recreational fishermen, and local residents) sued the United States Army Corps of Engineers ("Army Corps"), the United States Fish and Wildlife Service ("FWS"), and the United States National Marine Fisheries Service ("NMFS") to challenge the Mid-Barataria Sediment Diversion Project (the "Project"), a post-Deepwater Horizon Oil Spill Gulf Coast restoration plan intended

to convey sediment, fresh water, and nutrients from the Mississippi River to the mid-Barataria Basin, alleging violations of the Administrative Procedure Act, 5 U.S.C. § 706, the Endangered Species Act, 16 U.S.C. §§ 1531-44, and the National Environmental Policy Act, 42 U.S.C. §§ 4321-47.  ECF No. 1 ¶¶ 1-4, ¶¶ 27-29.  Plaintiffs contend that the Project will cause severe negative impacts on the Barataria Basin's resources due to the influx of riverine freshwater, sediment, nutrients, and contaminants into the basin; therefore, they seek an order (1) declaring the decision to undertake the Project is arbitrary and capricious and in violation of NEPA and the ESA and is arbitrary and capricious, (2) enjoining Defendants from taking any action to implement the Project; (3) vacating the Army Corps' decision, and (4) remanding the matter to the agencies for further analysis and decision-making consistent with their duties under NEPA, the ESA, and the APA.  ECF No. 1 ¶¶ 1-2, 62, 64-65.

Movants are the Environmental Defense Fund, Louisiana Wildlife Federation, Orleans Audubon Society, and Cajun Fishing Adventures, Inc.  They sought to intervene as of right or permissively to protect their "legally cognizable interests relating to the restoration of the Mississippi River Delta" through the Project, which interests they contend will be impaired if the Project does not proceed.  ECF No. 20 at 2.  Movants argue that the existing Defendants will not adequately represent their interests because movants have a distinct ultimate objective and their localized interests are narrower than Defendants' broader mandate to protect the public interest. *Id.* at 2-3.

Because the existing parties did not consent to movants' intervention, the motion was automatically referred to the undersigned pursuant to Local Rule 72.1.[1]  Although no opposition

---

[1] This Court's Local Rules require a movant filing a motion to schedule the matter as a contested motion unless the motion is one allowed to be filed *ex parte* or by consent.  L.R. 7.2, 7.3.  Local Rule 7.6 specifically addresses intervention motions and provides:

has been filed, the failure to file an opposition does not transform the motion into a consent motion, and the court is not required to grant every unopposed motion.[2]   Indeed, particularly with regard to dispositive motions, the Fifth Circuit has made clear that the failure to oppose a motion alone is insufficient to support the granting of same.[3]

By Order dated August 2, 2024, this Court denied intervention.  ECF No. 25.  Although movants satisfied the first three of the four required elements for intervention of right, movants failed to establish the fourth element:  inadequacy of representation. *Id.* at 3-10.  Because movants have the same ultimate objective as the existing Defendants and failed to establish that their interests diverged in a manner germane to the case, I found that movants failed to satisfy the adequacy of representation factor. *Id.* at 8-10.  For substantially the same reasons, I denied permissive intervention, noting that movants may still participate through *amicus* briefing. *Id.* at 10-11.  Movants now move for reconsideration.  ECF No. 29.

## II.   APPLICABLE LAW AND ANALYSIS

### A.   Motions for Reconsideration

While the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, district courts have considerable discretion in deciding whether to reconsider a prior interlocutory order. FED. R. CIV. P. 54(b).[4]   "The exact standard applicable to the granting of

---

Before filing any motion for leave to intervene, . . . the moving party must attempt to obtain consent for the filing and granting of the motion from all parties having an interest to oppose. If consent is obtained, the motion need not be assigned a submission date, but must be accompanied by a proposed order and include a certification by counsel for the moving party of the consent of opposing counsel.

Thus, absent affirmative consent to the filing and granting of a motion to intervene, that motion is deemed contested and automatically referred to the magistrate judge under Local Rule 72.1.

[2] *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 356 (5th Cir. 1993).

[3] *See, e.g.*, *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006); *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[4] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)) ; *Shepherd v. Int'l Paper Co*., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th 1998)).

a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."[5]

Courts in this district generally evaluate Rule 54(b) motions to reconsider using the same standards governing Rule 59(e) motions to alter or amend a final judgment, balancing the interests of justice with the need for finality.[6]  Courts thus consider whether (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.[7]

Whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), a motion to reconsider "serve[s] the narrow purpose of allowing a party to 'correct manifest errors of law or fact or to present newly discovered evidence.'"[8]  It is not the proper vehicle for rehashing evidence, legal theories, or arguments.[9]  Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party.[10]  When there exists no independent reason for reconsideration

---

[5] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002); *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (noting a Rule 59(e) motion "calls into question the correctness of a judgment"). District courts have "considerable discretion" in deciding whether to grant  a Rule 59(e) motion. *Edward H. Bohlin Co.*, 6 F.3d at 355.

[6] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.).

[7] *Gulf Island Shipyards, LLC v. LaShip, LLC,* No. 22-154, 2024 WL 1794361, at *3 (E.D. La. Apr. 25, 2024) (Fallon, J.) (quoting *Henry v. New Orleans La. Saints, L.L.C.,* No. 15-5971, 2016 WL 3524107, at *2 (E.D. La. June 28, 2016) (Barbier, J.); *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998) (Clement, J.)).

[8] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)).

[9] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[10] *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).

other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[11]

Movants argue that reconsideration is appropriate because (1) the court denied intervention based on an improperly applied heightened standard inapplicable to this case and (2) new evidence bolsters movants' position that their interests diverge from the Defendants. ECF No. 29; No. 29-1 at 4-17, 17-21. Alternatively, movants argue permissive intervention is proper and that adequacy of representation is not properly considered in the permissive intervention analysis. ECF No. 29; No. 29-1 at 21-24.

## B. Intervention of Right

To be entitled to intervene as of right under Rule 24(a)(2), a movant must demonstrate that (1) it timely applied for intervention; (2) it has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede its ability to protect that interest; and (4) it is inadequately represented by the existing parties.[12] "Failure to satisfy one requirement precludes intervention of right,"[13] so the absence of any one element requires denial of intervention as of right.[14] The court accepts the proposed intervenor's "factual allegations as true" in ruling on a motion to intervene.[15]

---

[11] *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 481.
[12] *Adam Joseph Res. v. CNA Metals Ltd*., 919 F.3d 856, 865 (5th Cir. 2019) (citing FED. R. CIV. P. 24(a); *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)).
[13] *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs of the Orleans Levee Dist*., 493 F.3d 570, 578 (5th Cir. 2007).
[14] *Graham v. Evangeline Par. Sch. Bd*., 132 F. App'x 507, 511 (5th Cir. 2005) (citing *United States v. Franklin Par. Sch. Bd*., 47 F.3d 755, 758 (5th Cir. 1995)); a*ccord Abita Springs v. U.S. Army Corps of Eng'rs,* No. 15-451, 2015 13533518, at *3 (E.D. La. Sept. 25, 2015) ("Failure to meet any of the four elements is fatal to intervention.") (citing *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir. 1978)).
[15] *McClenny Moseley & Assocs., P.L.L.C*., No. 23-30670, 2024 WL 2874371, at *4 (5th Cir. June 7, 2024) (citing *Texas v. United States*, 805 F.3d 653, 656-57 (5th Cir. 2015) (citing *Mendenhall v. M/V Toyota Maru No. 11*, 551 F.2d 55, 57 (5th Cir. 1977))).

Movant bears the burden of establishing its right to intervene.[16]   Thus, the proposed intervenors bears the burden of proving that the existing parties do not adequately represent their interest.[17]   This burden is "minimal," however, and the potential intervenor "need only show that the representation '*may* be' inadequate."[18]   Although this burden is minimal, it cannot be treated as so minimal as to write the requirement completely out of the rule.[19]

Movants argue that the Court manifestly erred by applying a "heightened standard" in the adequacy of representation analysis that is applicable only to cases involving a sovereign interest. ECF No. 29-1 at 6-8.   Contrary to movant's contention, however, the Court did not apply the heightened standard in its analysis.   Rather, consistent with the express terms of Rule 24(a)(2) and Fifth Circuit precedent, the court assessed whether the existing parties adequately represented movants' interests where the parties share the same ultimate objective.

The Fifth Circuit has created two separate presumptions of adequacy of representation relevant to Rule 24(a).   One arises when the proposed intervenor has the same ultimate objective as a party to the lawsuit.[20]   The other presumption arises where an existing party is presumed to represent the interests of all of its citizens, such as when the existing party is a governmental body or officer charged by law with representing the interests of the proposed intervenor, and is limited to suits involving matters of sovereign interests.[21]   Although a much stronger showing of inadequacy is required when a sovereign is involved,[22] a movant seeking intervention in a case not

---

[16] *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,  834 F.3d 562, 565 (5th Cir. 2016).

[17] *Sierra Club v. Espy*, 18 F.3d at 1207 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

[18] *Id.* (emphasis added) (quoting *Trbovich*, 404 U.S. at 538 n.10); *see also Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (internal quotations omitted) (quoting *Espy*, 18 F.3d at 1207); *Haspel & Davis*, 493 F.3d at 578 (citation omitted).

[19] *Edwards v. City of Hous.*, 78 F.3d 983, 1005 (5th Cir. 1996) (citation omitted).

[20] *Miller v. Vilsack*, No. 21-11271, 2022 WL 851782, *2 (5th Cir. Mar. 22, 2022) (citing *Texas*, 805 F.3d at 661).

[21] *Id.* (quoting *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994); *Texas*, 805 F.3d at 661; *Edwards*, 78 F.3d at 1005).

[22] *Hopwood*, 21 F.3d at 605.

involving a sovereign must still overcome the presumption of adequacy that arises when the proposed intervenor has the same ultimate objective as an existing party.  Otherwise, the adequacy standard would "have [no] teeth."[23]  Indeed, as the Fifth Circuit explained in the *Entergy Gulf States* case relied upon by movants, because the EPA was a governmental agency and not a sovereign, the heightened sovereign presumption did not apply; therefore, the court applied the "same-ultimate-objective" presumption in that case as I did in this case.[24]

To overcome the "same ultimate objective" presumption of adequacy, the applicant for intervention "must establish adversity of interest, collusion, or nonfeasance on the part of the existing party. . . . [T]o show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case."[25]  Differences of opinion regarding a party's litigation strategy or tactics used in pursuit thereof, without more, do not rise to an adversity of interest.[26]  Nor does the mere possibility that a party may at some future time enter into settlement alone establish inadequate representation.[27]

This Court applied the "same ultimate objective" standard in its August 2, 2024 Order and Reasons, not the "sovereign" presumption of adequacy.  This application is consistent with Fifth Circuit precedent[28] and indeed the standard as espoused by movants in the original motion.  ECF No. 20-1 at 16.  As the Court explained:

---

[23] *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (quoting *Brumfield*, 749 F.3d 345).
[24] 817 F.3d 198, 203-04, 203 n.2 (5th Cir. 2016).
[25] *Guenther*, 50 F.4th at 543 (internal quotations omitted); *Miller*, 2022 WL 851782 at *3 (quoting *Texas*, 805 F.3d at 661-62).
[26] *Guenther*, 50 F.4th at 543 (citations omitted).
[27] *Bush v. Viterna*, 740 F.2d 350, 358 (5th Cir. 1984) (citation omitted).
[28] *See, e.g.*, *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987) (citing *Bush*, 740 F.2d at 355) ("This circuit holds that when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance."); *see also M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014) (same).

When the would-be intervenor has the same ultimate objective as a party to the lawsuit, the presumption of adequate representation must be overcome by a showing of adversity of interest, collusion, or nonfeasance on the part of the existing party. The "same ultimate objective" is specific to this lawsuit. Movants demonstrate that representation "may be" inadequate by showing a "differences in the objectives" of the intervenors and the existing parties. Put another way, "[i]n order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case."[29]

## C. New Facts Since the August 2, 2024 Order and Reasons

Movants also seek reconsideration on the basis that new evidence has come to light since this Court's ruling, which new evidence they allege directly relates to the divergent interests and objectives between the existing defendants and movants. ECF No. 29-1 at 17. Specifically, a presentation before the Louisiana Joint Transportation, Highways, and Public Works Committee on August 12, 2024, revealed that the state of Louisiana and Plaquemines Parish Government are in talks to present a modified project proposal to the Defendants in this case. *Id.* Defendants will be asked to evaluate a State proposal to reduce the size of the Project or the Project's ability to carry the maximum allowable water under the permit. *Id.* at 18.

Movants contend that these discussions reflect pressure on Defendants to sacrifice the Project's efficacy for the sake of settling this case and the parallel state court case, which is adverse to their interests in timely implementation of the Project. *Id.* at 17. Movants argue that their interest in maintaining (or increasing) the scope of the project is adverse to Defendants' interests in a proposed reduction of the Project's scope. *Id.* at 20. They further contend that, while it is uncertain whether the Defendants' interests are divergent, the fact that the interests may diverge is sufficient to establish inadequacy of representation. *Id.* at 20-21.

---

[29] ECF No. 25 at 8 (footnotes omitted); *see also Miller*, 2022 WL 851782, at *3.

### D. **Permissive Intervention**

Under Rule 24(b) of the Federal Rules of Civil Procedure, permissive intervention is authorized upon timely motion when (1) a federal statute provides for a conditional right to intervene or (2) the intervenor has a claim or defense that shares with the main action a common question of law or fact and intervention will not unduly delay or prejudice the existing parties.[30] After assessing whether movant has a claim or defense that shares a question of law or fact with the main action, the court then exercises its discretion to determine whether intervention should be allowed.[31]  Indeed, courts have broad discretion in allowing intervention,[32] and it may be denied even though there is a common question of law or fact or the requirements of Rule 24(b) are otherwise satisfied.[33]

Although timely application, commonality of fact or legal issues, and undue delay or prejudice to the original parties are required considerations for permissive intervention, the court also properly considers, "among other things, 'whether the intervenors' interests are adequately represented by other parties' and whether they 'will significantly contribute to full development of the underlying factual issues in the suit.'"[34]  Indeed, the Fifth Circuit continues to recognize that, because the permissive intervention decision is highly discretionary, the court may consider adequacy of representation and shared objectives in its analysis.[35]  Accordingly, contrary to

---

[30] *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).

[31] *Id.* (citation omitted).

[32] *Mac Sales Inc. v. E.I. Dupont de NeMours*, No. 89-4571, 1995 WL 581790, at *4 (E.D. La. Sept. 29, 1995); *see also Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003) (stating orders denying permissive intervention are reviewed for clear abuse of discretion and will only be reversed in extraordinary circumstances); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984) (stating permissive intervention is wholly within the discretion of the district court).

[33] *New Orleans Pub. Serv.*, 732 F.2d at 471 (quotations omitted).

[34] *Id.* at 472 (quoting *Spangler v. Pasadena City Bd. Of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978)); *see also Kneeland*, 806 F.2d at 1289.

[35] *See, e.g.*, *Second Amend. Found. Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 23-10707, 2023 WL 8597495, at *2 (5th Cir. Dec. 12, 2023); *Guenther*, 50 F.4th at 542, 547 (affirming denial of permissive intervention where intervention would unduly delay resolution and the existing parties adequately represented movant's interest); *Aransas Project v. Shaw*, 404 F. App'x 937, 942 (5th Cir. 2010) (noting shared same objectives

movants' contention, this Court's consideration of the adequacy of representation in denying permissive intervention was not manifestly erroneous.

**E. <u>Analysis</u>**

The Court applied the proper "same ultimate objective" standard to determine adequacy of representation in its August 2, 2024 Order and Reasons.  Because movants have the same ultimate objective as Defendants (e.g., to uphold the Army Corps' decision to implement the Project), the movants were required to demonstrate "adversity of interest, collusion, or nonfeasance on the part of the existing party."  Movants failed to do so.  Their current argument that they did establish inadequacy of representation (ECF No. 29-1 at 8-12) simply reiterates their prior position (albeit in greater detail than originally briefed) and reflects a disagreement with the decision. Disagreement with the Court's decision and/or presentation of arguments that should have but were not adequately presented are not proper grounds upon which to seek reconsideration.

Movants also argue, however, new evidence based on recent alternative proposals being considered to resolve certain parallel state court litigation. *Id.* at 17-21.  Movants' speculative divergence of interests based on these recent events involving Project reduction proposals and Defendants' potential desire to resolve this and parallel litigation falls short of the necessary adversity of interest required to establish inadequate representation necessary for intervention of right.  Nevertheless, given that "[i]ntervention should generally be allowed where no one would be hurt and greater justice could be attained,"[36] the existence of common questions of law and fact, the absence of evidence to indicate that intervention will unduly delay or prejudice the adjudication of the rights of the original parties, and the continuously changing landscape in light of the

---

in affirming denial of permissive intervention); *Staley v. Harris Cnty. Tex.*, 160 F. App'x 410, 414 (5th Cir. 2005) (affirming denial of permissive intervention when application was untimely and the existing party adequately represented proposed intervenor's interest).

[36] *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir.2005) (internal quotations omitted).

proposals being advocated by various governmental interests as illustrated by the new evidence raised herein, the Court will exercise its broad discretion to allow movants to intervene permissively.

## III.   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion for Reconsideration filed by Environmental Defense Fund, Louisiana Wildlife Federation, Orleans Audubon Society, and Cajun Fishing Adventures, Inc. (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that Environmental Defense Fund, Louisiana Wildlife Federation, Orleans Audubon Society, and Cajun Fishing Adventures, Inc.'s Motion for Intervention pursuant to Rule 24(a) is DENIED.

IT IS FURTHER ORDERED that Environmental Defense Fund, Louisiana Wildlife Federation, Orleans Audubon Society, and Cajun Fishing Adventures, Inc.'s alternative Motion for Intervention pursuant to Rule 24(b) is GRANTED.

New Orleans, Louisiana, this ___30th___ day of September, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

11