IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JURISICH OYSTERS, LLC, *et al.*, | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 2:24-cv-00106 |
| U.S. ARMY CORPS OF ENGINEERS, *et al.*, | ) |
| *Defendants*, | ) |
| and | ) |
| ENVIRONMENTAL DEFENSE FUND, *et al.*, | ) |
| *Defendant-Intervenors*. | ) |

**JOINT MOTION TO STAY CASE**

In order to promote judicial economy and efficiency, the Parties hereby respectfully request that this Court stay further proceedings in this case until April 30, 2025, which will allow Defendant the U.S. Fish and Wildlife Service ("FWS") to complete reinitiated consultation under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, and provide Plaintiffs sufficient time to review the result of that reinitiated consultation process and determine how to proceed with the litigation. Counsel for Plaintiffs has twice attempted to contact Intervenors to obtain their position; however, counsel for Intervenors has not responded. In support of this motion, the Parties provide the following:

1. This case involves challenges to federal actions concerning the Coastal Protection and Restoration Authority's ecosystem restoration project intended to convey sediment, fresh water, and nutrients from the Mississippi River to the mid-Barataria Basin (the "MBSD Project" or the "Project"). Plaintiffs assert claims arising under the National Environmental Policy Act

("NEPA"), 42 U.S.C. §§ 4321-4347, the Endangered Species Act ("ESA"), 16 U.S.C. § 1531-1544, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). These claims are reviewed in accordance with the APA's scope and standard of review. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963) ("in cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no de novo proceeding may be held."); *La. Pub. Serv. Comm'n v. FERC*, 761 F.3d 540, 558 (5th Cir. 2014); *Sierra Club v. Glickman*, 67 F.3d 90, 97 (5th Cir. 1995); *Louisiana ex rel. Guste v. Verity*, 853 F.2d 322, 327 n.8 (5th Cir. 1998) ("Under well-established principles of administrative law, de novo review is not the standard. The courts are not empowered to substitute their judgment for that of the agency.").

    2.    Under the APA, review of agency action is limited to "the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (citation omitted). The Court must judge the agency's rationale for its decision based on the reasons set forth in the administrative record. *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019). APA review generally "involves neither discovery nor trial" because the "focal point of APA review is the existing administrative record." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013); *accord Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 n.15 (5th Cir. 2001).

    3.    On June 13, 2024, this Court set a schedule for discovery and trial in the instant case. *See* ECF No. 19. On July 24, 2024, Plaintiffs and Defendants jointly moved to modify this Court's June 13, 2024 Scheduling Order. *See* ECF No. 22. Noting that the instant case seeks to review Defendants' actions on the basis of the administrative records under the APA, the Parties agreed that there will be no trial in the instant litigation. *See id.* at 2-3. Instead, the Parties agreed

that Plaintiffs' claims will be resolved on cross-motions for summary judgment. *Id.* at 3. The Parties thus requested that this Court set a schedule to govern both the resolution of disputes regarding the completeness of the administrative records and, in the event that there are no such disputes, summary judgment briefing. In pertinent part, the Parties' proposed schedule required that: (1) Defendants lodge the administrative records from the three Defendants agencies by November 30, 2024; (2) Plaintiffs notify Defendants of any issues regarding the sufficiency of the administrative records or the need for extra-record evidence by February 28, 2025; and (3) the Parties file a status report notifying this Court of their intent to either proceed to summary judgment briefing or engage in motions practice regarding the completeness of the administrative records by March 28, 2025. *Id.* at 4. This Court granted that motion on August 7, 2024. *See* ECF No. 26.

4.      On September 25, 2024, counsel for Defendants informed counsel for Plaintiffs that the Project proponent had requested to reinitiate consultation under Section 7 of the ESA with FWS and the National Marine Fisheries Service ("NMFS") (collectively, "the Services"). As stated in the letters requesting reinitiation (which were provided to Plaintiffs' counsel), the Project proponent requested that the Services review updated "information regarding potential MBSD Project effects on the Service[s'] managed ESA-listed resources related to contaminants including per- and polyfluoroalkl substances ["PFAS"]." Significantly, Plaintiffs' lawsuit included challenges to Defendants' alleged failures to consider the impacts of contaminants, including PFAS and other "forever chemicals," on listed species. The outcome of the Services' review under the ESA will therefore likely bear directly on some of Plaintiffs' claims raised in the instant dispute.

3

5.      On November 27, 2024, Defendants moved for an extension of time, to January 15, 2025 to file their administrative record for the action challenged by Plaintiffs against the U.S. Army Corps of Engineers. *See* ECF No. 35. Defendants represented that the extra time was necessary "due to the large size of its record, which is proportionate to the scale of the project at issue and the time span of the Corps' permit application evaluation, as well as holidays that will impact the availability of the Corps' staff." *Id.* at 2. However, Defendants did not seek a similar extension to produce the administrative records generated by FWS or NMFS. *Id.* Defendants also requested that subsequent deadlines be extended *as they pertain to the Army Corps' record*. Specifically, the new schedule would require: Plaintiffs to notify Defendants of any issues regarding the sufficiency of the Army Corps' administrative record or the need for extra-record evidence by April 15, 2025; and the Parties to file a status report notifying this Court of their intent to either proceed to summary judgment briefing or engage in motions practice regarding the completeness of the Corps' administrative record by May 13, 2025. *Id.* at 2-3. The Court granted this motion on December 2, 2024. *See* ECF No. 36.

6.      On February 14, 2025, counsel for Federal Defendants informed counsel for Plaintiffs that NMFS completed reinitiated consultation and has issued a new decision. Counsel for Federal Defendants also informed Plaintiffs' counsel that FWS would conclude reinitiated consultation on or about March 1, 2025.[1]

7.      Plaintiffs are also subject to competing deadlines governing the review and resolution of disputes over the Services' administrative records (i.e., the records for the agencies'

---

[1] Depending on the outcome of FWS's and NMFS's reinitiated consultations, Plaintiffs might also be required to submit a 60-day notice letter to all relevant entities, *see* 16 U.S.C. § 1540(g)(2), and then to amend and/or supplement their Complaint to pursue challenges to any new decisions made by the Services, and relied upon by the Army Corps, that Plaintiffs view as arbitrary, capricious, and/or unlawful. *See* Fed. R. Civ. P. 15(a), (d).

4

original decisions) and the Army Corps' administrative record. As a result, Plaintiffs' review of the Services' administrative records and the Army Corps' administrative record for the same Project is bifurcated.

8.    In order to promote judicial economy and efficiency, the Parties request that this Court stay further proceedings in this matter until April 30, 2025, allowing the FWS to conclude reinitiated consultation and Plaintiffs to decide whether to seek leave to amend their complaint. Staying further proceedings will allow the Parties to address any outstanding issues concurrently and cohesively, preventing unnecessary piecemeal litigation and conserving the Parties' (and the Court's) resources. Accordingly, the Parties respectfully request that the Court order that the Parties meet and confer by April 30, 2025, to discuss a schedule for further proceedings. The Parties also respectfully request that the Court order that the Parties file a joint motion to propose a schedule for further proceedings within seven (7) days of April 30, 2025 (i.e., by May 7, 2025).

Respectfully submitted this 27 day of February, 2025.

/s/Elizabeth L. Lewis
Elizabeth L. Lewis
Eubanks & Associates, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 618-1007
lizzie@eubankslegal.com

/s/ William S. Eubanks II
William S. Eubanks II
Eubanks & Associates, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(970) 703-6060
bill@eubankslegal.com

*Counsel for Plaintiffs*

*s/ Angela Ellis*
ANGELA ELLIS
AMANDA K. RUDAT
Trial Attorneys
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
202-305-0479 (Ellis)
202-532-3201 (Rudat)
angela.ellis@usdoj.gov
amanda.rudat@usdoj.gov

COBY HOWELL
Senior Trial Attorney
Wildlife and Marine Resources Section
United States Department of Justice
1000 SW Third Avenue
Portland, OR 97204-2902
503-727-1023
coby.howell@usdoj.gov

*Counsel for Federal Defendants*

6